E-FILED
Friday, 04 March, 2022  11:30:19 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No. 19-cv-3205** |
| **v.** | ) | |
| | ) | |
| **DARREN D HOWARD, CITY OF LINCOLN, and STATE OF ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

The Court now considers Plaintiff United States of America's Motion for Judgment of Defendant Darren D. Howard (hereinafter the "Motion") (d/e 24).  Pursuant to Federal Rule of Civil Procedure 55, 28 U.S.C. § 2001, and for the reasons stated below, the Motion is GRANTED.  In connection with its decision, the Court has considered all of the pleadings and evidence submitted to date.  Based thereon, the Court makes the following FINDINGS:

I. JURISDICTION

1.   The Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 1345 and 1391, respectively. Defendant Darren D. Howard was personally served with Summons and Complaint by the United States Marshal on October 29, 2020, and thereafter answered the amended complaint.

II. EVIDENTIARY FINDINGS

1.   Defendant executed a mortgage and a note (attached to the amended complaint as Exhibits B and C) in the amount of $66,000.00 secured by said mortgage.  The United States of America, acting through Rural Development, United States Department of Agriculture, was the mortgagee on the mortgage executed by defendants Darren D. Howard and Diana L. Brown as mortgagors.  The mortgage pertaining to the property described herein was recorded on November 10, 2003, in the Office of the Recorder of Deeds, Logan County, Illinois.

2.   The material factual allegations stated in the complaint filed herein have not been denied in any responsive pleading.

3.   Plaintiff is the owner of the note and mortgage described in the complaint.

4.   On August 18, 2021, the Court granted Plaintiff's Motion to Enter Default Judgment of Foreclosure as to Defendants City of Lincoln and State of Illinois Department of Healthcare and Family Services.  The Default Judgment and attached exhibits have been admitted into evidence in this cause.

5.   The following are names of persons who may have claimed an interest in the above-described property, but who are foreclosed from asserting their claim, if any, because of their default in this action:  Darren D. Howard, City of Lincoln, and State of Illinois Department of Healthcare and Family Services.

6.   All of the material allegations contained in the complaint are true and by virtue of the mortgage and indebtedness thereby secured, Plaintiff, United States of America, has a valid and subsisting lien arising out of a real estate mortgage on the property described as follows:

> 309 Seventh Street, Lincoln, Illinois 62656
>
> A strip of ground of the even width of 35 feet off of the full West side of Lot 3 in Block 6 in E. Wright's First Addition to West Lincoln, now a part of the City of Lincoln, Logan County, Illinois.
>
> TAX ID# 12-326-002-00

7. By virtue of the mortgage and the indebtedness thereby secured, as alleged in the complaint, there is due Plaintiff, United States of America, as follows:

a) Costs of this suit:

U.S. Attorney's Docket Fee....................................$400.00

USMS Costs for Service of Summons.....................$240.43

Recording Fee - Notice of Foreclosure.......................$50.00

Total......................................................................$690.43

b) Unpaid principal and interest:

Unpaid principal balance.................................$74,545.33

Accrued interest at $16.6035 per day due and unpaid[1] as of 5/12/2021 .................................................$34,516.02

Subsidy Recapture...........................................$6,461.60

Late Charges.....................................................$220.70

Interest on Fees................................................$3,968.09

Fees Assessed................................................$20,518.25

Total amount due plaintiff as of 5/12/2021...$140,229.99

---

[1] Unpaid principal continues to accrue interest at the rate of $16.6035 per day.

c)  In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes, a title insurance policy and fees, charges, and expenses provided by law incurred by or owing to the United States Marshal, including such fees and expenses relating to conducting of the judicial sale as required by this judgment of foreclosure.

d)  Under the terms of the mortgage, all such advances, costs and other fees, expenses, and disbursements are made a lien upon the mortgaged real estate and Plaintiff is entitled to recover all such advances, costs, expenses, and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate, from the date on which such advances are made.

e)  In order to protect the lien of the mortgage, Plaintiff may necessarily have to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

f)  In order to protect and preserve the mortgaged real estate, Plaintiff may have to make such repairs to the real estate as may reasonably be deemed necessary for the proper preservation thereof.

g)  Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

8.  The present owners of the above-described real estate are: Darren D. Howard and Diana L. Brown.

9.  Logan County, Illinois, has a valid lien on the above-described property for taxes and special assessments for the years 2020 (payable in 2021), and for 2021 and thereafter, and the property will be sold subject to the interest of Logan County, resulting from taxes, general or special, which are a valid lien against the above-described property.

10.  The City of Lincoln, Illinois has a valid Sewerage Revenue Lien against Darren D. Howard and Diana L. Brown and in favor of

the City of Lincoln, Illinois in the sum of $290.20 plus subsequent interest pursuant to the state lien recorded in the Logan County Recorder's Office on March 25, 2014, which is subordinate to the United States' mortgage that is subject to this foreclosure.

11. The Illinois Department of Healthcare and Family Services has a valid Notice and Claim of Lien against Diana L. Brown and in favor of the Illinois Department of Healthcare and Family Services recorded in the Logan County Recorder's Office on June 13, 2014, which is subordinate to the United States' mortgage that is subject to this foreclosure.

12.   The Plaintiff is entitled to a 60 day shortened period of redemption for the following reasons:  (i) the value of the mortgaged real estate as of this date is less than ninety percent (90%) of the amount specified pursuant to the Code of Civil Procedure, 735 ILCS 5/15-1603(d); and (ii) Plaintiff has waived any and all rights to a personal judgment for a deficiency against the mortgagors and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

13. Although the Plaintiff is waiving any and all rights to a personal judgment for a deficiency against the mortgagors and

against all other persons liable for the indebtedness or other obligations secured by the mortgage, the Plaintiff is not seeking this 60-day redemption period.

14. Instead, the Plaintiff is entitled to and is awarded a 30-day shortened period of redemption pursuant to 735 ILCS 5/15-1603 because this real estate is abandoned.

15. The premises which are the subject of this proceeding are valuable, and unless the purchaser, as Plaintiff's assignee, is placed in immediate possession during the 30-day period following the confirmation of the Report of Sale of Real Estate, the premises would be subject to vandalism, waste, loss, and possible destruction.

16. By reason of the defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise, by Plaintiff or other persons having such power, of a right or power to declare immediately due and payable the whole of all indebtedness secured by the mortgage.

17. Any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

18.  Any and all periods of grace or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

19.  All lien or mortgage claimants defaulted are found and declared to have no interest in the real estate foreclosed, as they have offered no evidence of the interest.

20.  The real estate is free and clear of all liens and encumbrances except:

> a)  General real estate taxes for the years 2020 (payable in 2021) and thereafter, and special assessments, if any.

> b)  The mortgage given to Plaintiff.

> c)  Easements and restrictions of record.

21.  Plaintiff's mortgage is prior and superior to all other mortgages, claims of interest, and liens upon the real estate except for real estate taxes and special assessments, if any, and except for any mortgages or liens found herein to be prior and superior to plaintiff's mortgage or prior liens of non-parties.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

III.  ORDER UPON REQUEST FOR FORECLOSURE

1.  An accounting has been taken under the direction of the court of the amounts due and owing to Plaintiff as declared herein.

2.  Defendant is ordered to pay to Plaintiff before expiration of any redemption period (or, if no redemption period, within seven days after the date of this judgment) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extent provided in the mortgage or by law).

3.  In default of such payment in accordance with this judgment, the mortgaged real estate shall be sold as directed by the court, to satisfy the amount due to Plaintiff as set forth in this judgment, together with the interest thereon at the statutory judgment rate from the date of the judgment.

4.  In the event that Plaintiff is a purchaser of the mortgaged real estate at such sale, Plaintiff may offset against the purchase price of such real estate the amounts due under the judgment for the foreclosure and order confirming the sale.

5.  In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory

provisions, the Defendant made party to the foreclosure in accordance with statutory provisions, and all non-record claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate.

6.  If no redemption is made prior to such sale, a deed shall be issued to the purchaser according to law and such purchaser shall be let into possession of the mortgaged real estate in accordance with statutory provisions.

IV.  ORDER UPON SPECIAL MATTERS

1.  Exceptions to which title in the real estate shall be subject at the sale shall include general real estate taxes for the current year and for the preceding year which have not become due and payable as of the date of this judgment and any special assessments upon the real estate and easements and restrictions of record.

2.  In the event any party to this foreclosure is a successful bidder at the sale, such party may offset against the purchase price

to be paid for such real estate all amounts due such party under this judgment of foreclosure or the order confirming the sale.

3.  The property is being sold at this judicial sale "AS IS" WITHOUT ANY WARRANTIES OF HABITABILITY OR ANY OTHER WARRANTIES, EITHER EXPRESS OR IMPLIED.

4. The United States stated in its Amended Complaint that Defendant Diana L. Brown is now deceased. (D/e 12, p. 2; d/e 18, p. 6).  The United States is ordered to comply with 735 ILCS 5/13-209(b) and the Illinois Supreme Court's holding in ABN AMRO Mortg. Grp., Inc. v. McGahan, 931 N.E.2d 1190 (2010) and name a personal representative through the circuit court to represent the interests of the estate.

V.  ORDER FOR JUDICIAL SALE

1.  The real estate is ordered to be sold in accordance with applicable statutory provisions by the U.S. Marshal or his representative.

2.  Upon expiration of the redemption period, the real estate shall be sold by the U.S. Marshal for the Central District of Illinois at the front door of the Logan County Courthouse in the City of Lincoln, Illinois, at the time announced by the U.S. Marshal subject

to easements and restrictions of record and taxes, general or special, due and owing to Logan County, Illinois.  In addition, the real estate transfer tax (35 ILCS 200/31-1 et. seq.), shall be paid by the buyer(s).  The property shall be sold to the highest bidder who shall pay ten percent (10%) of the bid purchase price at the time and place of sale by Cashier's/Official Bank Check made payable to the U.S. Marshals Service, tendered to the U.S. Marshal conducting the sale.  The balance of the bid purchase price shall be paid by Cashier's/Official Bank Check made payable to U.S. Marshals Service, to be received by the United States Marshal at 100 N.E. Monroe, Peoria, Illinois, 61602 within thirty (30) days of date of the sale.  If the balance is not received within the time period, the ten percent (10%) payment made at time of sale shall be forfeited to the United States, the sale shall be void, and a new sale shall be scheduled by the Court.

3. the U.S. Marshal for the Central District of Illinois give public notice of the sale as follows:

a)  The notice of sale shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice:

i)  The name, address, and telephone number of the person to contact for information regarding the real estate;

ii)  The common address and other common description (other than legal description), if any, of the real estate;

iii)  A legal description of the real estate sufficient to identify it with reasonable certainty;

iv)  A description of the improvements on the real estate;

v)  The real estate may be inspected prior to sale upon making reasonable arrangements with the person identified in paragraph i above;

vi)  The time and place of the sale;

vii)  The terms of the sale;

viii)  The case title, case number, and the court in which the foreclosure was filed; and

ix)  No other information is required.

b)  The notice of sale shall be published at least four

consecutive calendar weeks (Sunday through Saturday), once in

each week, the first such notice to be published not more than 45

days prior to the sale, the last such notice to be published not less

than 7 days prior to the sale, by:

i)  An advertisement in a newspaper regularly issued and of general circulation to the general public in the county in which the real estate is located in the section of that newspaper where legal notices are commonly placed; and

ii)  No other publication shall be required.

c)  The party who gives notice of public sale shall also give notice to all other parties in the action who have not heretofore been found by the court to be in default for failure to plead.  Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 45 days and not less than seven days prior to the day of sale.  After notice is given as required in this section, a copy thereof shall be filed in the Office of the Clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this section.

d)  The party who gives notice of a public sale shall again give notice of any adjourned sale; provided, however, that if the adjourned sale is to occur less than 60 days after the last scheduled sale, notice of any adjourned sale need be given only once, not less than 5 days prior to the day of the adjourned sale.

e)  Notice of the sale may be given prior to the expiration of the redemption period.

f)  No other notice by publication or posting shall be necessary.

g)  The person named in the notice of sale to be contacted for information about the real estate shall not be required to provide additional information other than that set forth in the notice of sale.

4.  Division of Property.  If the real estate is susceptible of division, the person conducting the sale may order it to be sold as necessary to satisfy this judgment.  The person conducting the sale shall determine which real estate shall be sold, and the person conducting the sale may determine the order in which separate tracts may be sold.

5.  Certificate of Sale.  Upon the sale of mortgaged real estate, the person conducting the sale shall give a certificate of sale to the purchaser and cause such certificate of sale to be recorded.  The certificate shall be freely assignable by endorsement thereon.

VI.  <u>TRANSFER OF TITLE</u>

1.  Upon or after confirmation of sale, the person who conducted the sale or the court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the court and the caption of the case in which judgment was entered authorizing issuance of the deed.  Signature and the recital in the deed of the title or authority of the person signing the

deed as grantor of authority pursuant to this judgment and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

2.  Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.  Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

VII.  <u>APPLICATION OF PROCEEDS</u>

The proceeds resulting from the sale ordered herein shall be applied in the following order:

1.  The reasonable expenses of sale including but not limited to costs of publication, notice of the sale, expenses, fees, and commissions incurred by or owing to the U.S. Marshal pursuant to law;

2.  The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale,

including payment of taxes and other governmental charges, management fees, and to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, payments made pursuant to 735 ILCS 5/15-1505, and other legal expenses incurred by the mortgagee;

3.  Satisfaction of claims in the order of priority adjudicated in this judgment of foreclosure; and

4.  Remittance of any surplus to the mortgagor or as otherwise directed by the court.

VIII.  REDEMPTION - RESIDENTIAL

1.  Only the owner of redemption may redeem from this foreclosure, and such owner of redemption may redeem only during the redemption period specified herein.

2.  In this foreclosure the above-described property is abandoned, and Plaintiff is entitled to a shortened redemption period pursuant to Chapter 735, Paragraph 5/15-1603(b)(4), Illinois Compiled Statutes.  The redemption period shall end 30 days after the date of entry of this Judgment.

3.  This is a foreclosure of a mortgage of residential real estate.

4.  The amount required to redeem shall consist of the Total

Balance Due as declared above plus interest thereon at the statutory rate hereafter and all additional costs and other expenses allowed by the court.

5.  If the purchaser at the judicial sale of residential real estate is a mortgagee who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS 5/15-1603(d), an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed, by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

IX.  <u>OTHER MATTERS</u>

1. Possession of Mortgaged Real Estate:

a) Unless the mortgagor's right to possess this foreclosed residential real estate is or has been terminated, the mortgagor (homeowner) has the right to possess the foreclosed premises in accordance with Section 15-1701(c) of the Illinois Mortgage Foreclosure Law.

b) Unless sooner ordered to vacate the premises, the mortgagor and all persons claiming a possessory right to the

mortgaged premises through the mortgagor shall peaceably remove themselves and all of their possessions from the mortgaged premises in compliance with 735 ILCS 5/15-1701 on the 31st day after the judicial sale of this mortgaged property has been approved.

c)  If any persons referenced in the above subparagraph remain on the premises on or after the 31st day after the approval of the judicial sale of this mortgaged real estate, the U.S. Marshal is hereby directed as soon as practicable thereafter to use any and all necessary reasonable force to enter the above described mortgaged premises, including any outbuildings and vehicles located thereon, and to remove all occupants located thereon who are present on the premises and refuse to vacate immediately and voluntarily at the U.S. Marshal's direction.  Additionally, any and all personal property left on the mortgaged premises by the Defendant mortgagors and/or any and all other persons having left the property is hereby declared forfeited to the United States. If the U.S. Marshal determines that the above-described personal property is without value or of <u>de minimis</u> value that would neither exceed nor equal the costs of notice, storage, and sale, the U.S. Marshal may leave the personal property, at his discretion, on the premises for

the purchaser of this real estate to claim, or dispose of, at will.

Upon taking possession and custody of the premises and removing all occupants who are unauthorized to remain on the premises, the U.S. Marshal is then hereby directed to remit possession and custody of the premises to the purchaser of the property at the sale judicially approved by this Court.

2.  Report of Sale.  The person conducting the sale shall file a report of sale with the Clerk of this Court specifying the amount of proceeds of sale realized and the disposition thereof.

3.  The purchaser of the foreclosed property shall be given possession effective immediately upon approval of the judicial sale of this real estate in compliance with 735 ILCS 5/15-1701(c)(1).

4.  Homestead Waiver.  Defendants-mortgagors waived their right to homestead or other exemptions in the real estate in the body of the mortgage, which was duly signed and acknowledged, and the defendants-mortgagors are therefore barred from claiming any right to homestead or other exemptions in the real estate.

**AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that there is no just reason for delaying the enforcement of this judgment, or an appeal therefrom.

ENTER: March 2, 2022

s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE